UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Lawrence J. Penaz,<br><br>    Petitioner,<br><br>v.<br><br>Dora Schriro,<br><br>    Respondent. | CV 07-8073 PHX-SRB (JM)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus [Docket No. 1] filed under 28 U.S.C. §2254. In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny and dismiss the Petition with prejudice.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

On January 28, 1999, Petitioner was charged with two counts of aggravated driving under the influence (DUI) in case number CR-99051in Yavapai County. (Ex. A).[1] On March 8, 1999, Petitioner pled guilty to one count of aggravated DUI, a class 4 felony in violation of A.R.S. §§ 28-1381 and 28-1383(A)(1). (*Id.*) On April 29, 1999, the trial court sentenced Petitioner to 1.5 years for aggravated DUI CR 97-0181. (Ex. B). The trial court

---

[1] Unless otherwise noted, the exhibits referenced are those attached to Respondents' Answer to Petition for Writ of Habeas Corpus, which is docketed as Document 9 in the Clerk's file.

suspended Petitioner's sentence in CR 99-0051 and placed him in intensive probation for a term of ten years upon completion of his 1.5 year sentence in CR 97-0181. (*Id.*)

On June 24, 2002, a petition to revoke Petitioner's probation was filed. The petition alleged that Petitioner violated probation by having a BAC of .261, being $200 in arrears in paying his probation fees, and being discharged from the Veterans Administration's alcohol treatment program. (Ex. A.) On July 16, 2002, Petitioner admitted all the allegations contained in the petition to revoke. One month later, the court reinstated Petitioner on intensive probation for 7 years and ordered that he be jailed for 365 days as a condition of probation, with credit for the 283 days served. (*Id.*)

On September 19, 2003 Petitioner was arrested for leaving the scene of an accident, driving with a suspended license, and having a BAC of .253. Following petitioner's arrest, a second petition to revoke probation was filed. (*Id.*) On September 25, 2003, Petitioner was indicted in CR 2003-0941 on two counts of aggravated DUI, criminal damage, endangerment and misdemeanor counts of leaving the scene of an accident, and interference with a judicial proceeding. (*Id.*)

On December 12, 2003, Petitioner pled guilty in CR 2003–0941 to one count of aggravated DUI with two historical prior felony convictions. (Ex. C.) The trial court found that Petitioner had violated the terms of his probation in CR 99-0051. (*Id.*) On January 12, 2004, the trial court revoked probation and sentenced Petitioner to an aggravated 3-year term of imprisonment for aggravated DUI in CR 99-0051. (Ex. D.) The aggravating circumstances included at least seven DUI convictions. (*Id.*) The trial court imposed a

- 2 -

presumptive 10-year term in CR-2003-0941, to run consecutively to the preceding sentence, assorted fees, and a consecutive term of community supervision. (*Id.*)

Petitioner filed a notice of post-conviction relief ("PCR") petition on March 8, 2004. (Ex. E). After Petitioner's counsel notified the trial court that he had reviewed the record and found no colorable claims for relief, the court granted Petitioner an additional 60 days to supplement the record. (*Id.*). Petitioner did not supplement the record, but reviewed the petition and searched the record, but found no basis for post conviction relief and dismissed the petition on September 20, 2004. (*Id.*)

On October 13, 2004, Petitioner filed another PCR notice, claiming a sixth amendment violation under *Blakely v. Washington*, 542 U.S. 296 (2004). (Ex. G.). On October 21, 2004, the trial court denied the petition based on the conclusion that *Blakely* did not apply on collateral review. (Ex. H.). Petitioner filed a motion for reconsideration seeking concurrent, rather than consecutive, sentences based on a state-law claim that it was improper to enhance his aggravated DUI sentence under A.R.S. § 28-1383(A)(1) with two prior felony convictions pursuant to A.R.S. § 13-604. (Ex. I). On November 12, 2004, the court denied relief. (Ex. J.) On February 18, 2005, the court, again, denied Petitioner's "Counter Response to Plaintiff's Motion to Deny Defendant's Petition for Post Conviction Relief." (Ex. K, L).

On March 5, 2005, Petitioner filed a "Reply Brief and Supplemental Supporting Statute and Law Why Sentence Should Be Vacated," arguing that it was "double punishment" to aggravate his sentences under state law with prior DUI convictions and

- 3 -

revocations of his license. (Ex. M.). The trial court denied relief on March 15, 2005 (Ex. N.) On March 21, 2005, Petitioner filed a notice in the Arizona Court of Appeals (Ex. O, P). There, petitioner abandoned his *Blakely* claim, relying solely on his state-law based sentencing claims. The Court of Appeals denied review on December 8, 2005. (Ex. R).

On January 9, 2006, Petitioner filed a third PCR notice relying on *United States v. Booker/FanFan*, 543 U.S. 220 (2005). (Ex. S.) The trial court denied relief and on April 26, 2007 and the Arizona Court of Appeals denied review. On May 18, 2007, Petitioner filed a petition for review to the Arizona Supreme Court (Ex. W), which denied review on July 17, 2007 (Ex. X.)

Petitioner filed the instant petition on August 13, 2007, raising three claims. In Ground I, Petitioner alleges that the state court violated his Sixth Amendment right "of having a jury find all determinate facts to support [his] aggravated sentence." In Ground II, Petitioner alleges the state court violated his Fourteenth Amendment rights by sentencing him outside the statutory range permitted by a jury's guilty verdict under A.R.S. § 13-701, by finding aggravating factors under § 13-702 without additional fact-finding of aggravating factors, and by sentencing as a dangerous and repetitive offender under A.R.S. § 13-604. In Ground III, Petitioner alleges that the state court violated his Fourteenth Amendment rights by sentencing him under Arizona's Title 13 (criminal code), when Title 28 (transportation) sets forth sentencing guidelines for some traffic offenses. (*See* Petition, pp. 3-7).

## II.     LEGAL DISCUSSION

### A.     Exhaustion of State Remedies

Respondents contend that Petitioner failed to exhaust Grounds I and III of the Petition. A state prisoner must exhaust the available state remedies before a federal court may consider the merits of his habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Nino v. Galaza,* 183 F.3d 1003, 1004 (9th Cir.1999). Exhaustion occurs either when a claim has been fairly presented to the highest state court, *Picard v. Connor*, 404 U.S. 270, 275 (1971), or by establishing that a claim has been procedurally defaulted and that no state remedies remain available, *Reed v. Ross*, 468 U.S. 1, 11 (1984). Exhaustion requires that a habeas petitioner present the substance of his claims to the state courts in order to give them a "fair opportunity to act" upon these claims. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 844 (1999). A claim has been "fairly presented" if the petitioner has described the operative facts and legal theories on which the claim is based. *Picard v. Connor*, 404 U.S. 270, 277-78 (1971); *Rice v. Wood*, 44 F.3d 1396, 1403 (9th Cir. 1995). The operative facts must be presented in the appropriate context to satisfy the exhaustion requirement. The fair presentation requirement is not satisfied, for example, when a claim is presented in state court in a procedural context in which its merits will not be considered in the absence of special circumstances. *Castille*, 489 U.S. at 351, 109 S.Ct. at 1060. An exact correlation of the claims in both state and federal court is not required. *Rice,* 44 F.3d at 1403. The substance of the federal claim must have been fairly presented to the state courts. *Chacon v. Wood*, 36 F.3d 1459, 1467 (9th Cir. 1994) (citations omitted).

A petitioner may also exhaust his claims by either showing that a state court found his claims defaulted on procedural grounds or, if he never presented his claims in any forum, that no state remedies remain available to him. *See Jackson v. Cupp*, 693 F.2d 867, 869 (9th Cir. 1982). "To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32," *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994), and then present his claims to the Arizona Court of Appeals. *See Swoopes v. Sublett,* 196 F.3d 1008, 1010 (9th Cir. 1999).

Additionally, fair presentation requires that a petitioner describe both the operative facts and the federal legal theory underlying his claims. *Reese*, 541 U.S. at 28. General appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish fair presentation of a federal constitutional claim, *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *amended on other grounds,* 247 F.3d 904 (9th Cir. 2001), and a mere reference to the "Constitution of the United States" does not preserve a federal claim. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). As the Ninth Circuit has explained, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (citations omitted).

As Respondents note, after Petitioner's second PCR petition was denied, Petitioner filed a petition for review in the Arizona Court of Appeals that raised Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, and Fourteenth Amendment violations pursuant to *Blakely*. (Ex. G.) After the trial court denied review, Petitioner filed "Defendants Brief and Supplement Supporting Statute and Law Why Sentence Should be Vacated" in the Arizona Court of Appeals, which the court interpreted as a petition for review. (Ex. K.). In that pleading, Petitioner did present a *Blakely* claim to the Court of Appeals, relying solely on state law sentencing claims. Additionally, Petitioner brought no claims in any state court regarding his claim of being sentenced under Arizona's Title 13 (Criminal code).

Petitioner has not disputed this rendition of events and has not argued that he has not defaulted on these claims or that any of the claims would support the filing of a successive PCR petition under Rule 32.2(b), Ariz.R.Crim.P. Likewise, the Court cannot find mention of these claims in the state court of appeal pleadings or an explanation in the state court of any reason why he would be excused from the timeliness requirement of Rule 32.2(b). As such, the merits of the claims need not be addressed unless Petitioner establishes cause and prejudice or that a fundamental miscarriage of justice has occurred. Petitioner has made no attempt to do so. Therefore, the Court recommends that Petitioner's non-exhausted claims, Grounds I and III, be denied.

**B.    Merits**

Under the AEDPA, a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state decision

- 7 -

was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). *See Williams v. Taylor*, 120 S.Ct. 1495 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Van Tran v. Lindsey*, 212 F.3d 1143, 1150 (9th Cir. 2000). In determining whether a state court decision is contrary to federal law, the court must examine the last reasoned decision of a state court and the basis of the state court's judgment. *Packer v. Hill*, 277 F.3d 1092, 1101 (9th Cir. 2002). A state court's decision can be an unreasonable application of federal law either (1) if it correctly identifies the governing legal principle but applies it to a new set of facts in a way that is objectively unreasonable, or (2) if it extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Hernandez v. Small*, 282 F.3d 1132 (9th Cir. 2002).

In Ground II (the exhausted *Blakely* claim contained in the petition), Petitioner asserts that the imposition of an aggravated sentence based upon judicial factual findings was a violation of his rights under *Blakely/Booker/FanFan*. Respondents contend that Petitioner's conviction is exempt from *Blakely/Booker/FanFan* and Petitioner could not prevail on this claim. As explained below, and as the state courts determined, *Blakely* provides no basis for relief.

- 8 -

Respondents argue that *Blakely/Booker/FanFan* does not apply to Petitioner's sentences because of his two prior felony convictions were in his plea agreement. Petitioner did not reply to this contention, but the Court in deciding *Booker/FanFan* made it clear that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Booker*, 125 S. Ct. At 756. (*citing Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000)); *United States v. Thomas*, 447 F.3d 1191, 1200 (9th Cir. 2006). Petitioner admitted to two prior felony convictions in his plea agreement and thus, by its express terms, *Booker* does not apply to the fact of a prior conviction.

Further, it is unclear how Petitioner's sentence exceeds the maximum authorized by the statutes pursuant to which he entered his guilty plea. Petitioner, plead guilty to one count of aggravated DUI with two historical prior felony convictions. Petitioner was given a presumptive sentence of 10 years due to aggravating circumstances that included six prior felony convictions and six prior misdemeanor convictions. Petitioner has not alleged specific facts that show how or why the sentences imposed exceeded the maximums.

## III.  CONCLUSION

As explained above, the Magistrate Judge finds that Petitioner's claims, with the exception of his second sentencing guidelines claim, fail because Petitioner did not timely raise the claims before the appropriate Arizona State courts and has not established cause or prejudice in relation to those claims. Additionally, the Magistrate Judge cannot say that the Arizona courts decisions denying Petitioner's *Blakely/Booker/FanFan* claim were contrary

to or an unreasonable application of Supreme Court law. Accordingly, Petitioner is not entitled to relief and his claims must be denied.

## IV. RECOMMENDATION

Based on the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court, after its independent review, **deny** Petitioner's Amended Petition for Writ of Habeas Corpus [Docket No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 07-8073-PHX-SRB**. Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 3rd day of March, 2009.

*Jacqueline Marshall*
Jacqueline Marshall
United States Magistrate Judge

- 10 -